[Nos. 15120-4-III; 15121-2-III. Division Three. December 17, 1996.]

THE CITY OF KENNEWICK, *Respondent*, v. JOSEPH M. HENRICKS, *Petitioner*.

THE CITY OF KENNEWICK, *Respondent*, v. JOSEPH N. DIVEN, *Petitioner*.

*Edwin F. Alden*, for petitioners.
*William L. Cameron, City Attorney*, for respondent.

THOMPSON, J. — Joseph M. Henricks and Joseph N. Diven have obtained discretionary review of a Benton County Superior Court order reinstating traffic citations charging them with failure to wear motorcycle helmets, RCW 46.37.530(1)(c).[1] They contend the court erred in concluding a recent change in an administrative provision

---

[1]The statute makes it unlawful "[f]or any person to operate or ride upon a motorcycle . . . unless wearing upon his or her head a protective helmet of a type conforming to rules adopted by the state patrol . . . . The helmet must be equipped with either a neck or chin strap which shall be fastened securely while the motorcycle . . . is in motion." RCW 46.37.530(2) authorizes the state patrol "to adopt and amend rules . . . concerning the standards and procedures for conformance of rules adopted for . . . protective helmets."

made the statute sufficiently definite to avoid this court's holding in *State v. Maxwell*, 74 Wn. App. 688, 878 P.2d 1220 (1994). Because we conclude the regulation was not vague as to their conduct, we affirm the superior court's decision.

■ Mr. Henricks and Mr. Diven were cited in January and February 1995 for violation of RCW 46.37.530. Both men concede they were not wearing helmets of any kind when they were cited. The Benton County District Court dismissed the citations, holding the statute was unconstitutionally vague. The City of Kennewick appealed to the superior court, which reversed the district court's decision. The superior court's order is the subject of this appeal.

Mr. Henricks and Mr. Diven rely on *Maxwell*, in which we held RCW 46.37.530, as implemented through former WAC 204-10-040, was unconstitutionally vague. We need not address whether the Washington State Patrol's amendment of its regulation avoids the infirmities we discussed in *Maxwell*, because we conclude Mr. Henricks and Mr. Diven lack standing to challenge the helmet rules.

The rule regarding vagueness challenges is now well settled. Vagueness challenges to enactments which do not involve First Amendment rights are to be evaluated in light of the particular facts of each case. *Maynard v. Cartwright*, 486 U.S. 356, 361, 100 L. Ed. 2d 372, 108 S. Ct. 1853 (1988); *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n.7, 71 L. Ed. 2d 362, 102 S. Ct. 1186, *reh'g denied*, 456 U.S. 950 (1982); *United States v. Powell*, 423 U.S. 87, 92-93, 46 L. Ed. 2d 228, 96 S. Ct. 316 (1975); *United States v. Mazurie*, 419 U.S. 544, 550, 42 L. Ed. 2d 706, 95 S. Ct. 710 (1975); *United States v. National Dairy Prods. Corp.*, 372 U.S. 29, 32-33, 36, 9 L. Ed. 2d 561, 83 S. Ct. 594 (1963). *See also State v. Carver*, 113 Wn.2d 591, 599, 781 P.2d 1308, 789 P.2d 306 (1989); *[State v.] Worrell*, [111 Wn.2d 537,] at 541[, 761 P.2d 56 (1988)]. Consequently, when a challenged ordinance does not involve First Amendment interests, the ordinance is not properly evaluated for facial vagueness. Rather, the ordinance must be judged as applied. *Maynard*, at 361. Accordingly, the

ordinance is tested for unconstitutional vagueness by inspecting the actual conduct of the party who challenges the ordinance and not by examining hypothetical situations at the periphery of the ordinance's scope. *Cf. State v. Hegge*, 89 Wn.2d 584, 589, 574 P.2d 386 (1978).

*City of Spokane v. Douglass*, 115 Wn.2d 171, 182-83, 795 P.2d 693 (1990); see *State v. Coria*, 120 Wn.2d 156, 163, 839 P.2d 890 (1992).

■ This case does not involve First Amendment rights and must be evaluated in light of the particular facts of the case. *See Maxwell*, 74 Wn. App. at 691.

> [T]here are statutes which contain both precisely worded prohibitions and prohibitions of uncertain application, and such a statute, though potentially vague as to some conduct, may nevertheless be constitutionally applied to one whose act clearly falls within the statute's "hard core."

*City of Bellevue v. Miller*, 85 Wn.2d 539, 541, 536 P.2d 603 (1975) (citing *Smith v. Goguen*, 415 U.S. 566, 577-78, 94 S. Ct. 1242, 39 L. Ed. 2d 605 (1974)), *abrogated on other grounds in State v. Smith*, 111 Wn.2d 1, 12-14, 759 P.2d 372 (1988); *see Parker v. Levy*, 417 U.S. 733, 755-56, 94 S. Ct. 2547, 41 L. Ed. 2d 439 (1974); *State v. Holmes*, 98 Wn.2d 590, 598, 657 P.2d 770 (1983); *State v. Sherman*, 98 Wn.2d 53, 56, 653 P.2d 612 (1982); *State v. Zuanich*, 92 Wn.2d 61, 63, 593 P.2d 1314 (1979).

■ RCW 46.37.530(1)(c) unambiguously requires motorcycle riders to wear "protective helmets." Although Mr. Henricks and Mr. Diven argue the statute only vaguely identifies what types of helmets satisfy the requirement, they cannot dispute that the statute clearly requires helmets of *some* type. This requirement is the "hard core" of the statute. Therefore, because they were wearing no helmets at the time of the citations, Mr. Henricks and Mr. Diven lack standing to claim vagueness as to the rules relating to acceptable types of helmets.

We therefore affirm the superior court's order reinstating the citations.

SWEENEY, C.J., and MUNSON, J., concur.

Review denied at 131 Wn.2d 1022 (1997).