STATE v. BARKER

[138 N.C. App. 304 (2000)]

———

STATE OF NORTH CAROLINA, Appellant v. JAMES ROBERT BARKER; MARTIN FREDERICK BEAVER, III; GEORGE ALBERT DUGAY, III; RICHARD JOHN HARRIS; CYNTHIA MARIE HARRISON; HENRY W. HARRISON, IV; GLENN EUGENE HARVEY; JOHN DARRELL LATHAM; JEANETTE LYNNE SEILER; WENDELL MARK SEILER; KENNETH BARRY SMITH, Appellees

No. COA99-798

(Filed 6 June 2000)

**Motor Vehicles— motorcycle safety helmets—failure to wear—standing to challenge approved type requirement**

The trial court did not err by refusing to dismiss respondents' citations for failing to wear a safety helmet while riding a motorcycle where respondents were not wearing helmets of any type when cited. Even assuming that the statutory requirement that the helmet be of a type approved by the Commissioner of Motor Vehicles is vague, a person of reasonable intelligence would understand that a failure to wear some type of safety helmet would be prohibited. N.C.G.S. § 20-140.4(a).

Judge WYNN concurring.

STATE v. BARKER

[138 N.C. App. 304 (2000)]

Appeal by the State from order of dismissal entered 19 April 1999 by Judge Clifton W. Everett, Jr., in Craven County Superior Court. Heard in the Court of Appeals 27 April 2000.

On 12 September 1998, police cited respondents with failure to wear a safety helmet while operating or riding a motorcycle, in violation of N.C. Gen. Stat. § 20-140.4(a)(2) (1999). In district court, respondents were found to be in violation of the safety helmet statute, and appealed to the superior court. On 15 April 1999, respondents filed a motion to dismiss the charges against them on the grounds that N.C. Gen. Stat. § 20-140.4(a)(2) was unconstitutionally vague.

Both the respondents and the State introduced evidence at the hearing of defendants' motion to dismiss. The pertinent evidence may be summarized as follows. None of the respondents were wearing helmets of any type or description when cited for violations of the statute. Approximately three months before respondents were cited, counsel for respondents requested information from the North Carolina Division of Motor Vehicles (DMV) regarding motorcycle helmets. DMV mailed to counsel a brochure issued by the U.S. Department of Transportation (USDOT) regarding approved safety helmets. The brochure, which was included in the record on appeal, lists all motorcycle helmets tested in 1994 by the National Highway Safety Administration, and indicates whether the helmets meet federal safety standards. The brochure also includes a toll-free telephone number from which additional information on any individual helmet listed can be requested. The respondents also submitted the affidavit of Ms. Tamura Coffey dated 30 June 1998, in which Ms. Coffey averred that based on her inquiries to the Enforcement Section of DMV and her "own research . . . [she] found no regulation in the North Carolina Administrative Code other than N.C. Ad. Code §T19A:03D.0701 dealing with the adoption of safety standards for motor vehicle equipment." Ms. Coffey also alleged "there is no list of helmets approved by the [DMV] which is available for public inspection." The pertinent administrative code section provides, however, that anyone who wishes to know if a particular item of motor vehicle equipment has been approved by DMV may contact the Enforcement Section of DMV in Raleigh, North Carolina.

In response to further inquiry by respondents' counsel, the Enforcement Section of DMV informed counsel that a helmet which meets or exceeds the federal standard is an approved helmet in North Carolina, and that under federal regulations a DOT label must be

affixed to the center lower back of each approved helmet. The Enforcement Section also sent counsel another copy of the USDOT brochure, together with a copy of Federal Motor Vehicle Safety Standard Number 218, which outlines the federal safety standards for motorcycle helmets. On 19 April 1999 the trial court granted respondents' motion to dismiss, dismissed the charges against them, and the State appealed.

*Attorney General Michael F. Easley, by Assistant Attorney General Jeffrey R. Edwards, for the State.*

*Johnson & Donat, by Robert A. Donat, for respondent appellees.*

HORTON, Judge.

The State contends that the trial court erred in granting respondents' motion to dismiss because respondents did not have standing to challenge the statute on grounds that it is unconstitutionally vague. We agree, and reverse the ruling of the trial court.

"It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie,* 419 U.S. 544, 550, 42 L. Ed. 2d 706, 713 (1975). "Objections to vagueness under the Due Process Clause rest on the lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk." *Maynard v. Cartwright,* 486 U.S. 356, 361, 100 L. Ed. 2d 372, 380 (1988). A statute is not vague as applied where it gives "clear notice that a reasonably ascertainable standard of conduct is mandated" and it "intelligibly forbids a definite course of conduct[.]" *United States v. Powell,* 423 U.S. 87, 92-93, 46 L. Ed. 2d 228, 234 (1975). *See also Mazurie,* 419 U.S. at 553, 42 L. Ed. 2d at 714 (statute is not impermissibly vague where it is sufficiently precise for a man of average intelligence to " 'reasonably understand that his contemplated conduct is proscribed.' " *Id.* (citation omitted)).

N.C. Gen. Stat. § 20-140.4(a) provides, in pertinent part, that

(a) No person shall operate a motorcycle or moped upon a highway or public vehicular area:

\* \* \* \*

(2) Unless the operator and all passengers thereon wear safety helmets of a type approved by the Commissioner of Motor Vehicles.

*Id.* A violation of this section is an infraction. N.C. Gen. Stat. § 20-140.4(c). The right of the State to impose, in the exercise of its police powers, such a requirement on motorcycle riders was settled by our Supreme Court more than three decades ago. *State v. Anderson,* 275 N.C. 168, 166 S.E.2d 49 (1969) (interpreting N.C. Gen. Stat. § 20-140.2(b), predecessor to § 20-140.4(a)(2)). Here, respondents do not deny that they were aware of the requirement that motorcyclists wear safety helmets. Indeed, a number of the respondents were in possession of safety helmets when cited with violation of this statute. Even assuming for the purpose of argument that the statutory requirement that a safety helmet be "of a type approved by the Commissioner" is vague, a person of reasonable intelligence would understand that a failure to wear some type of safety helmet would be prohibited under North Carolina law.

"A litigant who challenges a statute as unconstitutional must have standing. To have standing, he must be adversely affected by the statute." *In Re Jackson,* 60 N.C. App. 581, 584, 299 S.E.2d 677, 679 (1983). "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy,* 417 U.S. 733, 756, 41 L. Ed. 2d 439, 458 (1974). A statute which by its terms, or as authoritatively construed, applies without question to certain activities, but whose application to other behavior is uncertain, is not vague as applied to "hard-core" violators of the statute. *See Smith v. Goguen,* 415 U.S. 566, 577-78, 39 L. Ed. 2d 605, 614 (1974). In this case, a motorist would be adversely affected by the statute if he wore some type of safety helmet while operating a motorcycle and was nevertheless cited for violating the provisions of N.C. Gen. Stat. § 20-140.4(a)(2) for wearing a helmet not of a type approved by DMV. Because respondents were not wearing safety helmets *of any kind* when they were cited, they do not fall in the class of persons adversely affected by the statute and therefore lack standing to challenge the statute on constitutional grounds.

Other jurisdictions have confronted this issue and ruled in similar fashion. *See, for example, City of Kennewick v. Henricks,* 84 Wash. App. 323, 326, 927 P.2d 1143, 1145 (1996) (where statute required motorcycle riders to wear "protective helmets" and petitioners were wearing no helmets at the time of the citations, petitioners violated the "hard-core" provisions of the statute and lacked standing to claim vagueness as to the rules relating to acceptable types of helmets), *disc. review denied,* 131 Wash. 2d 1022, 937 P.2d 1102 (Wash. 1997).

The ruling of the trial court granting defendants' motion to dismiss is hereby

Reversed.

Judge SMITH concurs.

Judge WYNN concurs with separate opinion.

Judge WYNN concurring.

I join in the majority opinion. However, I write separately to point out that we determine today only that these defendants do not have standing to challenge the constitutionality of N.C. Gen. Stat. § 20-140.4 because they chose to wear no helmets at all. It follows that standing may be obtained by an individual who is charged with wearing a type of helmet that does not comply with the statute. Thus, the more challenging issue remains—is N.C. Gen. Stat. § 20-140.4 unconstitutionally vague because neither the Legislature nor the Commissioner for the Division of Motor Vehicles has clearly set forth what constitutes a helmet that meets the requirements of the statute?

North Carolina's motorcycle helmet statute requires the wearing of a safety helmet "of a type approved by the Commissioner" for the Division of Motor Vehicles. Although the State argues that the Commissioner has adopted the federal guidelines on helmet safety standards, questions remain as to whether the Commissioner formally adopted the standards; whether the Commissioner informally adopted the standards; and whether the public has received consistent information about the federal standards. An issue also remains as to whether the federal guidelines are sufficiently clear to avoid a challenge on the grounds of vagueness. Thus, in light of what appears to be inevitable further litigation on this issue, it may be prudent for either the Legislature or the Commissioner to examine whether the present application of N.C. Gen. Stat. § 20-140.4 clearly sets forth the types of helmets approved for riding a motorcycle in North Carolina.