STATE OF NORTH CAROLINA v. WILLIAM J. WOLFE, JR.

No. COA02-1011

(Filed 17 June 2003)

**Indictment and Information— motion to suppress before indictment—no jurisdiction**

The denial of a motion to suppress was void where the motion was filed and heard before defendant was indicted or waived indictment. Both the State Constitution and the Criminal Procedure Act require an indictment or waiver for a superior court to have jurisdiction in a criminal case. The fact that defendant filed the motion and participated in the suppression hearing did not give the court jurisdiction.

Appeal by defendant from judgments entered 22 March 2002 by Judge William Z. Wood, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 21 May 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Amy L. Yonowitz, for the State.*

*Morrow Alexander Tash Kurtz & Porter, by Benjamin D. Porter, for defendant-appellant.*

MARTIN, Judge.

Defendant appeals from judgments entered upon his pleas of guilty to three counts of third degree sexual exploitation of a minor. As a condition of his plea, defendant reserved the right to appeal, pursuant to G.S. § 15A-979(b), the superior court's denial of his motion to suppress all evidence obtained during a search of his residence on 25 May 2001. The search was conducted pursuant to a search warrant and several items of child pornography were seized from defendant's home.

Defendant was charged in a warrant with three counts of third degree sexual exploitation of a minor on 17 June 2001. On 21 December 2001, defendant filed the motion to suppress the evidence seized during the search of his home. The motion was calendared by the State and was heard on 14 February 2002. At the time the motion to suppress was heard, there had not been any true bills of indictment returned by the grand jury charging defendant with any offense related to the evidence which defendant sought to suppress. At the conclusion of the hearing, the trial court denied the motion to suppress. On 22 March 2002, the prosecutor signed a bill of information alleging defendant had committed three counts of third degree sexual exploitation of a minor, and defendant and his attorney signed a waiver of indictment, allowing the case to proceed on the bill of information. On the same date, defendant entered pleas of guilty to the three offenses and was sentenced by the court.

---

Though defendant brings forward three of the four assignments of error contained in the record on appeal, we need only address his first assignment of error, by which he argues the order denying the motion to suppress should be vacated because the superior court lacked jurisdiction to hear the motion because defendant had not been indicted or waived indictment at the time of the hearing. Both our State Constitution and Criminal Procedure Act require

STATE v. WOLFE

[158 N.C. App. 539 (2003)]

indictment or waiver thereof in order for a superior court to have jurisdiction in a criminal case. N.C. Const., Art. I, § 22; N.C. Gen. Stat. § 15A-642 (2003); *State v. Moses*, 154 N.C. App. 332, 334, 572 S.E.2d 223, 226 (2002) (citing *State v. Ray*, 274 N.C. 556, 562, 164 S.E.2d 457, 461 (1968) and *State v. Midyette*, 45 N.C. App. 87, 262 S.E.2d 353 (1980)). Therefore, defendant is correct in asserting that the superior court was without jurisdiction to entertain and rule upon his motion to suppress and the order entered denying the motion must be vacated.

Citing G.S. § 15A-1443(c), the State argues that because defendant moved to suppress the evidence before he was indicted, participated in the suppression hearing without objection, and did not move a second time to suppress the evidence after he waived indictment and before entering his plea, any related error is a result of his own conduct and he cannot have been prejudiced by it. *See* N.C. Gen. Stat. § 15A-1443(c) (2003). However, the fact that defendant filed a motion to suppress before he was indicted did not give the superior court jurisdiction to entertain the motion or rule on it, thus, defendant's conduct does not validate the void order. *See McClure v. State*, 267 N.C. 212, 215, 148 S.E.2d 15, 17-18 (1966) (sentence imposed upon defendant's plea of guilty to offense for which he had not been indicted held null and void for lack of jurisdiction).

Defendant's pleas of guilty were conditioned on his right to appeal the order denying his motion to suppress. That order is void and the judgments entered upon defendant's pleas must therefore be vacated and the case remanded for further proceedings based on the bill of information.

Vacated and remanded.

Judges HUNTER and GEER concur.