STATE v. DANIELS

[224 N.C. App. 608 (2012)]

━━━━━━━━━

STATE OF NORTH CAROLINA
v.
WILLIAM P. DANIELS

No. COA12-417

Filed 31 December 2012

1. **Jurisdiction—subject matter—constitutional challenge—statute divisible and separable—defendant not indicted under statute**

      The trial court lacked subject matter jurisdiction to rule that N.C.G.S. § 14-208.18(a)(2) was unconstitutional. N.C.G.S. § 14-208.18(a)(2) and (a)(3) are divisible, separable, and constitute separate crimes and defendant was only indicted on charges of violating N.C.G.S. § 14-208.18(a)(3).

2. **Jurisdiction—standing—constitutional challenge—facial challenge—as-applied challenge**

      The trial court did not err by declaring N.C.G.S. § 14-208.18(a)(3) unconstitutional based on defendant's lack of standing. Although defendant lacked standing to raise a facial challenge to the statute, defendant had standing to bring an as-applied challenge.

3. **Constitutional Law—statute unconstitutionally void—as applied**

      The trial court did not err by entering an order declaring N.C.G.S. § 14-208.18(a)(3) unconstitutional as the statute is

unconstitutionally vague as applied to defendant upon the facts surrounding incidents involving defendant on 6 and 7 May 2009.

Appeal by the State of North Carolina from order entered 5 December 2011 by Judge Wayland J. Sermons, Jr., in Dare County Superior Court. Heard in the Court of Appeals 25 September 2012.

*Roy Cooper, Attorney General, by Laura E. Parker, Assistant Attorney General, for the State.*

*Glenn Gerding for Defendant.*

THIGPEN, Judge.

The State of North Carolina ("the State") appeals from an order entered 5 December 2011 declaring N.C. Gen. Stat. § 14-208(a)(2) and (a)(3) unconstitutional on grounds that both are unconstitutionally overbroad and unconstitutionally vague. We affirm in part and vacate in part.

The evidence of record tends to show the following: William Daniels ("Defendant") is a convicted and registered sex offender, having been convicted of second degree rape in violation of N.C. Gen. Stat. § 14-27.3 on 10 October 1996 and assault with intent to commit rape in violation of N.C. Gen. Stat. § 14-22[1] on 12 September 1973.

On 6 May 2009, Defendant, along with Defendant's wife and son, went to Westcott Park in Manteo, North Carolina. Westcott Park is maintained and operated by the Dare County Parks and Recreation Department and has three small fields used for tee ball or Little League baseball games. Westcott Park also has a facility called the Lion's Club Center, which is used for community events, including, e.g., dance and gymnastics classes. The Lion's Club Center provides office space for Dare County Parks and Recreation staff. Westcott Park is open between six to seven days per week, serving youths from age three to age eighteen. Tee ball, Cal Ripken's, and Babe Ruth league games are played at the park. Baseball, soccer and other sports camps take place at Westcott Park during the summer season.

When Defendant and his family arrived at Westcott Park, Defendant's daughter—for whom Defendant had come to deliver onion bulbs for planting—had been watching her grandson playing in a tee ball game at Westcott Park. The game had just ended, and par-

---

1. This statute was subsequently repealed by 1979 N.C. Sess. Laws, ch. 682, § 7.

ents were leaving with their children. Defendant, Defendant's wife and son, and Defendant's daughter met on the east side of the tee ball field, between the road and the field, and talked for about an hour. During this time, children were playing a boy's baseball game and a girl's softball game on the other fields.

On 7 May 2009, Defendant, along with his daughter and son-in-law, went to Walker Park in Wanchese, North Carolina, to practice softball. Walker Park is also maintained by the Dare County Parks and Recreation Department, and contains an adult baseball field, a youth baseball field, soccer fields, and a playground and picnic area. Defendant and his daughter and son-in-law were members of a coed softball league. While they practiced, Defendant's wife sat in the car to watch. They practiced playing softball for about an hour and a half.

Alan Moran ("Deputy Moran"), a deputy for the Dare County Sheriff's Office, was at Walker Park umpiring a tee ball game. Deputy Moran recognized Defendant and knew that Defendant was a registered sex offender. Deputy Moran contacted Deputy Shawn Barrera, who drove to Walker Park to confirm that Defendant was playing softball there.

On 6 December 2010, Defendant was indicted[2] on two charges of violating N.C. Gen. Stat. § 14-208.18(a)(3) in file numbers 09 CRS 50792 and 09 CRS 20796, which proscribes the following conduct: "It shall be unlawful for any person required to register under this Article, if the offense requiring registration is described in subsection (c) of this section, to knowingly be at any of the following locations: . . . At any place where minors gather for regularly scheduled educational, recreational, or social programs." On 20 October 2010, Defendant filed a motion to declare N.C. Gen. Stat. § 14-208.18 unconstitutional, and on 13 April 2011, Defendant filed a superceding motion to declare N.C. Gen. Stat. § 14-208.18 unconstitutional. A hearing was held on 2 June 2011 on the question of the constitutionality of N.C. Gen. Stat. § 14-208.18. On 5 December 2011, the trial court entered a written order declaring N.C. Gen. Stat. §§ 14-208.18(a)(2) and (a)(3) unconstitutionally vague and overbroad and dismissing the pending charges

---

2. These two 6 December 2010 indictments were superceding indictments. The record shows that Defendant was first indicted on these two charges, in file numbers 09 CRS 50792 and 09 CRS 20796, on 8 June 2009. A superceding indictment in file number 09 CRS 50792 was filed on 6 December 2010. A superceding indictment in file number 09 CRS 20796 was filed on 15 March 2010, and a second superceding indictment was filed in file number 09 CRS 20796 on 6 December 2010.

against Defendant. On 7 December 2011, the State filed a written notice of appeal of the trial court's 5 December 2011 order.

On appeal, the State argues the trial court erred in entering the 5 December 2011 order declaring N.C. Gen. Stat. § 14-208.18 unconstitutional for the following reasons: (1) the trial court lacked subject matter jurisdiction to rule that N.C. Gen. Stat. § 14-208.18(a)(2) was unconstitutional because Defendant was only indicted on charges of violating N.C. Gen. Stat. § 14-208.18(a)(3); (2) the trial court erred because Defendant lacked standing to raise a facial challenge to the constitutionality of N.C. Gen. Stat. §§ 14-208.18(a)(2) and (a)(3); (3) the trial court erred because N.C. Gen. Stat. §§ 14-208.18(a)(2) and (a)(3) are not, in fact, unconstitutionally overbroad or vague. We address each argument in turn.

## I: Jurisdiction

**[1]** In the State's first argument, it contends the trial court lacked subject matter jurisdiction to rule that N.C. Gen. Stat. § 14-208.18(a)(2) was unconstitutional because Defendant was only indicted on charges of violating N.C. Gen. Stat. § 14-208.18(a)(3). We agree.

### A. Severability

The State's argument that the trial court did not acquire subject matter jurisdiction to enter an order on the constitutionality of N.C. Gen. Stat. § 14-208.18(a)(2) because Defendant was indicted pursuant only to a violation of N.C. Gen. Stat. § 14-208.18(a)(3) presumes that N.C. Gen. Stat. §§ 14-208.18(a)(2) and (a)(3) are severable. We first address the question of the severability of N.C. Gen. Stat. § 14–208.18(a)(1), (a)(2) and (a)(3).

Our Supreme Court has stated, in the context of the severability of a criminal statute, the following:

> (I)t is a fundamental principle that a statute may be constitutional in one part and unconstitutional in another and that if the invalid part is severable from the rest, the portion which is constitutional may stand while that which is unconstitutional is stricken out and rejected. . . .

> In line with the rule of severability, the courts will decline to consider the constitutionality of a particular statutory provision where (1) that provision is not necessarily involved in the litigation before the court, and

(2) that provision may be severed from the provisions which are necessarily before the court.

> The question whether the rule of severability shall be applied to save partially unconstitutional legislation from being struck down in toto (sic) involves, fundamentally, a determination of and conformity with the intent of the legislative body which enacted the legislation. However, in determining what was (or must be deemed to have been) the intention of the legislature, certain tests of severability have been developed. Thus, it is held that if after eliminating the invalid portions, the remaining provisions are operative and sufficient to accomplish their proper purpose, it does not necessarily follow that the whole act is void; and effect may be given to the remaining portions.

*State v. Fredell*, 283 N.C. 242, 244-45, 195 S.E.2d 300, 302 (1973) (quoting 16 Am. Jur. 2d, Constitutional Law §§ 181-182).

In this case, the trial court noted, and we also take into consideration, the severability clause in the legislative history of N.C. Gen. Stat. § 14-208.18. House Bill 933, Session Law 2008-117 § 21.1, which is a portion of the act that created these crimes, states the following: "If any provision of this act or its application is held invalid, the invalidity does not affect other provisions or applications of this act that can be given effect without the invalid provisions or application, and to this end the provisions of this act are severable." *Id.* This severability clause, in addition to the separate, distinct delineations of types of behaviors prohibited in N.C. Gen. Stat. § 14–208.18(a)(1), (a)(2) and (a)(3), suggest to this Court that, when enacting N.C. Gen. Stat. § 14–208.18(a), the General Assembly intended to provide for "three separate and independent offenses, none dependent on the other." *Fredell*, 283 N.C. at 247, 195 S.E.2d at 303. We therefore hold that N.C. Gen. Stat. § 14—208.18(a)(1), (a)(2) and (a)(3) are divisible and separable.

### B. Subject Matter Jurisdiction

We next address the State's argument on appeal that the trial court did not acquire subject matter jurisdiction to address the question of the constitutionality of N.C. Gen. Stat. § 14—208.18(a)(2).

"Jurisdiction [is] . . . the power to hear and to determine a legal controversy; to inquire into the facts, apply the law, and to render and

enforce a judgment[.]" *High v. Pearce*, 220 N.C. 266, 17 S.E.2d 108, 112 (1941). "Properly speaking, there can be no jurisdiction of the person where there is none of the subject matter, although the converse might indeed, and often does, occur." *Id.* "Where there is no jurisdiction of the subject matter the whole proceeding is void *ab initio* and may be treated as a nullity anywhere, at any time, and for any purpose." *Id.*

Jurisdiction of the subject matter of a criminal offense is derived from the law. *State v. Tickle*, 238 N.C. 206, 208, 77 S.E.2d 632, 634 (1953), *cert. denied*, 346 U.S. 938, 98 L. Ed. 426 (1954). N.C. Const. Art. IV, § 12(3) provides that "[e]xcept as otherwise provided by the General Assembly, the Superior Court shall have original general jurisdiction throughout the State." *Id.* "The superior court has exclusive, original jurisdiction over all criminal actions not assigned to the district court division[,]" meaning, generally, that in criminal cases, superior courts have jurisdiction over felonies and, in some circumstances, misdemeanors. N.C. Gen. Stat. § 7A-271 (2011). However, "[p]rosecutions originating in the superior court must be upon pleadings as provided in Article 49[.]" N.C. Gen. Stat. § 15A-642 (2011). In Article 49, our General Assembly has required that "[t]he pleading in felony cases and misdemeanor cases initiated in the superior court division must be a bill of indictment, unless there is a waiver of the bill of indictment as provided in G.S. 15A-642." N.C. Gen. Stat. § 15A-923 (2011); *see also State v. Willis*, 285 N.C. 195, 201, 204 S.E.2d 33, 37 (1974) (stating that "[t]he court acquires jurisdiction of the offense by valid information, warrant, or indictment"); *State v. Hardy*, 298 N.C. 191, 199, 257 S.E.2d 426, 431 (1979) (stating that "[a] valid warrant or indictment encompassing the offense for which the defendant is convicted is essential to the jurisdiction of the court. . . . [and a defendant] may not, upon his trial under that indictment, be lawfully convicted of any other criminal offense, whatever the evidence introduced against him may be; *State v. Wolfe*, 158 N.C. App. 539, 540-41, 581 S.E.2d 117, 118 (2003) (stating that "[b]oth our State Constitution and Criminal Procedure Act require indictment or waiver thereof in order for a superior court to have jurisdiction in a criminal case[,]" and holding that the trial court was without jurisdiction to rule upon the defendant's motion to suppress and vacating the order entered by the trial court denying the defendant's motion to suppress because the defendant had not been indicted or waived indictment at time of suppression hearing).

**STATE v. DANIELS**

[224 N.C. App. 608 (2012)]

The superior court acquired subject matter jurisdiction over the two offenses charged in this case by means of two superseding indictments found to be true bills of indictment on 6 December 2010. Whether an indictment gives a trial court subject matter jurisdiction over a matter depends on whether the indictment alleges the essential elements of the crime charged. *State v. Kelso*, 187 N.C. App. 718, 722, 654 S.E.2d 28, 31–32 (2007), *disc. review denied*, 362 N.C. 367, 663 S.E.2d 432 (2008) (stating that "[w]hen an indictment has failed to allege the essential elements of the crime charged, it has failed to give the trial court subject matter jurisdiction over the matter, and the reviewing court must arrest judgment") (internal citation and quotation marks omitted); *see also State v. Mather*, ___ N.C. App. ___, ___, 728 S.E.2d 430, 432 (2012) (stating that "[n]o indictment, whether at common law or under a statute, is sufficient if it does not accurately and clearly allege all of the constituent elements of the crime sought to be charged") (internal citation and quotation marks omitted).

The question presented on appeal in this case, whether the trial court had subject matter jurisdiction to declare N.C. Gen. Stat. § 14–208.18(a)(2) unconstitutional depends on whether the indictment properly charged Defendant with a violation of N.C. Gen. Stat. § 14–208.18(a)(2). This question requires our Court to determine whether N.C. Gen. Stat. § 14–208.18(a)(2) and N.C. Gen. Stat. § 14–208.18(a)(3) constitute different crimes. The question of whether N.C. Gen. Stat. § 14–208.18(a)(2) and N.C. Gen. Stat. § 14–208.18(a)(3) constitute different crimes hinges upon whether the sections of N.C. Gen. Stat. § 14–208.18(a) define crimes with separate and distinct essential elements. *See, generally, Mather*, ___ N.C. App. at ___, 728 S.E.2d at 432.

In *State v. Harris*, ___ N.C. App. ___, 724 S.E.2d 633 (2012), this Court stated the following in determining whether an indictment alleging a violation of N.C. Gen. Stat. § 14–208.18(a)(1) was sufficient to confer subject matter jurisdiction on the trial court:

> [T]he essential elements of the offense defined in N.C. Gen. Stat. § 14–208.18(a) are that the defendant was (1) knowingly on the premises of any place intended primarily for the use, care, or supervision of minors and (2) at a time when he or she was required by North Carolina law to register as a sex offender based upon a conviction for committing an offense enumerated in Article 7A of Chapter 14 of the North Carolina General Statutes or

an offense involving a victim who was under the age of
16 at the time of the offense.

*Id.* at ___, 724 S.E.2d at 637. However, in *State v. Herman*, ___ N.C.
App. ___, 726 S.E.2d 863 (2012), this Court noted that an "offense
pursuant to N.C. Gen. Stat. § 14–208.18(a)(1) and [an offense] . . . pur-
suant to N.C. Gen. Stat. § 14–208.18(a)(2) . . . would have different
first 'elements[.]' " *Id.* at ___, 726 S.E.2d at 867. Ultimately, neither
*Herman* nor *Harris* are determinative of the question presented in
this case, because both *Herman* and *Harris* construed only the lan-
guage contained in N.C. Gen. Stat. § 14–208.18(a)—specifically, the
portion of N.C. Gen. Stat. § 14–208.18(a) stating that "[i]t shall be unlaw-
ful for any person required to register under this Article, if the offense
requiring registration is described in subsection (c) of this section, to
knowingly be at any of the following locations[,]" *Id.*, and whether the
foregoing language constituted an essential element.[3] The Court did
not, in either case, construe N.C. Gen. Stat. § 14–208.18(a)(1), (a)(2),
and (a)(3) to determine whether the language in the different subsec-
tions of N.C. Gen. Stat. § 14–208.18(a) constituted different essential
elements and, thereby, created different crimes.

Subsection (a) of N.C. Gen. Stat. § 14-208.18, which is entitled
"Sex offender unlawfully on premises," provides the following:

> (a) It shall be unlawful for any person required to regis-
> ter under this Article, if the offense requiring registra-
> tion is described in subsection (c) of this section, to
> knowingly be at any of the following locations:
>
> (1) On the premises of any place intended pri-
> marily for the use, care, or supervision of
> minors, including, but not limited to, schools,
> children's museums, child care centers, nurs-
> eries, and playgrounds.

---

3. In *Herman*, the Court held that the "indictment before us fails to allege that
defendant was convicted of an offense enumerated in Article 7A of Chapter 14 of the
North Carolina General Statutes or an offense involving a victim who was under
the age of 16 at the time of the offense[,]" and therefore, the "trial court did not have
subject matter jurisdiction to consider a charge against defendant based on N.C. Gen.
Stat. § 14–208.18(a)[.]" *Id.* at ___, 726 S.E.2d at 867. Likewise, in *Harris*, the Court held
that "[a]n allegation that the underlying offense requiring sex offender registration was
an offense listed in Article 7A of Chapter 14 of the North Carolina General Statutes or
involved a victim under the age of 16 is an essential element for purposes of the
offense set out in N.C. Gen. Stat. § 14–208.18(a) and cannot, for that reason, be treated
as mere surplusage." *Id.* at ___, 724 S.E.2d at 639.

(2) Within 300 feet of any location intended primarily for the use, care, or supervision of minors when the place is located on premises that are not intended primarily for the use, care, or supervision of minors, including, but not limited to, places described in subdivision (1) of this subsection that are located in malls, shopping centers, or other property open to the general public.

(3) At any place where minors gather for regularly scheduled educational, recreational, or social programs.

*Id.* On its face, the foregoing statute provides three distinct scenarios in which a defendant may unlawfully be on certain premises: (1) on the premise of any place intended primarily for the use of minors; (2) within 300 feet of any location intended primarily for the use of minors; and (3) at any place, regardless of the intent of its primary use, where minors gather for regularly scheduled programs. *Herman,* ___ N.C. App. at ___, 726 S.E.2d at 867, stands for the proposition that the three provisos in N.C. Gen. Stat. § 14-208.18 create three distinct crimes, because the Court in *Herman* stated, in dicta, that an "offense pursuant to N.C. Gen. Stat. § 14–208.18(a)(1) and [an offense] . . . pursuant to N.C. Gen. Stat. § 14–208.18(a)(2) . . . would have different first 'elements[.]' " *Id.* Moreover, the Court in *Harris,* ___ N.C. App. at ___, 724 S.E.2d at 637, provided the essential elements of the crime defined by N.C. Gen. Stat. § 14–208.18(a)(1) in its analysis by reciting the language contained *only* in N.C. Gen. Stat. § 14–208.18(a)(1), without reference to N.C. Gen. Stat. § 14–208.18(a)(2) or (a)(3). The foregoing suggests that three crimes, with distinct elements, are defined in N.C. Gen. Stat. § 14–208.18(a). Therefore, based on the foregoing, we conclude that N.C. Gen. Stat. § 14–208.18(a)(1), (a)(2), and (a)(3) create separate and distinct criminal offenses, each with its own set of essential elements require to be proven by the State.

We now address the question of whether the indictments in this case were sufficient to confer subject matter jurisdiction on the trial court to determine whether N.C. Gen. Stat. § 14–208.18(a)(2) was constitutional. In this case, the first indictment against Defendant stated the following:

The jurors for the State upon their oath present that on or about the date of offense shown and in the county

named above the defendant named above unlawfully, willfully and feloniously did, as a person subject to the registration provisions of Article 7A of Chapter 14 of the North Carolina General Statutes in that he was convicted of 2nd Degree Rape ([N.C. Gen. Stat. §] 14-27.3) on 10/10/1996 in Dare County Superior Court, was (sic) knowingly present *at Walker Park*, a Dare County Parks and Recreation facility, located at 206 Pond Road, Wanchese, NC, which is *a place where minors gather for regular scheduled educational, recreational or social programs.* At the time of the offense, minors were present at the park playing tee-ball. (emphasis added).

The second indictment differed only as to the particular park at which Defendant was alleged to have knowingly been present and stated the following:

The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did, as a person subject to the registration provisions of Article 7A of Chapter 14 of the North Carolina General Statutes in that he was convicted of 2nd Degree Rape ([N.C. Gen. Stat. §] 14-27.3) on 10/10/1996 in Dare County Superior Court, was knowingly present at The Lions Club Center *at Wescott Park*, a Dare County Parks and Recreation facility, located at 1000 Wescott Park Drive, Manteo, NC, which is *a place where minors gather for regular scheduled educational, recreational or social programs.* At the time of the offense, minors were present at the park playing tee-ball. (emphasis added).

Both of the foregoing indictments charge violations of N.C. Gen. Stat. § 14–208.18(a)(3) and do not charge violations of N.C. Gen. Stat. § 14–208.18(a)(2). As such, the trial court did not have subject matter jurisdiction to rule upon any challenge brought by Defendant with regard to N.C. Gen. Stat. § 14–208.18(a)(2).[4] The portions of the trial court's order declaring N.C. Gen. Stat. § 14-208.18(a)(2) unconstitu-

---

4. Because we conclude the trial court did not have subject matter jurisdiction to rule upon any challenge brought by Defendant as to N.C. Gen. Stat. § 14–208.18(a)(2), we need not address the State's argument regarding Defendant's standing to challenge N.C. Gen. Stat. § 14–208.18(a)(2) or the constitutionality of N.C. Gen. Stat. § 14–208.18(a)(2).

tional are, therefore, void. *Wolfe,* 158 N.C. App. at 541, 581 S.E.2d at 118 (holding that because the trial court did not have subject matter jurisdiction to rule on the defendant's motion to suppress that "[the] order is void and the judgments entered upon defendant's pleas must therefore be vacated"). Resultantly, we need not address the State's remaining arguments pertaining to N.C. Gen. Stat. § 14-208.18(a)(2). *See Fredell,* 283 N.C. at 247, 195 S.E.2d at 303 (stating that "[c]ourts are reluctant to hold invalid any Act of the General Assembly[,] [and] [b]efore deciding any Act unconstitutional the question must be squarely presented by a party whose rights are directly involved[;] [c]ourts will not declare void an Act of the Legislature unless the question of its constitutionality is presently presented and it is found necessary to do so in order to protect rights guaranteed by the Constitution" (internal citations and quotation marks omitted)).

## II. Standing

**[2]** In the State's second argument on appeal, the State contends the trial court erred in declaring N.C. Gen. Stat. § 14-208.18(a)(3) unconstitutional because Defendant lacked standing to raise a facial challenge to the constitutionality of N.C. Gen. Stat. § 14-208.18(a)(3). We agree that Defendant did not have standing to raise a facial challenge to N.C. Gen. Stat. § 14-208.18(a)(3). However, Defendant had standing to bring an as-applied challenge against N.C. Gen. Stat. § 14-208.18(a)(3), with regard to the facts surrounding his arrest for being "at any place[,]" *Id.,* on 6 May 2009 and 7 May 2009, on the issue of whether N.C. Gen. Stat. § 14-208.18(a)(3) is unconstitutionally vague.

"A litigant who challenges a statute as unconstitutional must have standing. To have standing, he must be adversely affected by the statute." *State v. Barker,* 138 N.C. App. 304, 307, 531 S.E.2d 228, 230, *cert. denied,* 352 N.C. 592, 544 S.E.2d 787 (2000) (citation and quotation marks omitted).

> As a general proposition, the vagueness of a criminal statute must be judged in the light of the conduct that is charged to be violative of the statute. In other words, the question is whether the statute is unconstitutionally vague as applied to the defendant's actions in the case presented. Thus a party receiving fair warning, from the statute, of the criminality of his own conduct is not entitled to attack the statute on the ground that its language would not give fair warning with respect to other conduct. If, however, the statute reaches "a substantial

> amount of constitutionally protected conduct," the
> statute is vulnerable to a facial attack. In this event,
> the defendant can challenge the constitutional vague-
> ness of the statute, even though his conduct clearly is
> prohibited by the statute.

*State v. Nesbitt*, 133 N.C. App. 420, 424, 515 S.E.2d 503, 506-07 (1999) (internal citations omitted). "A facial challenge to a legislative [a]ct is, of course, the most difficult challenge to mount successfully." *State v. Thompson*, 349 N.C. 483, 491, 508 S.E.2d 277, 281 (1998) (citation and quotation marks omitted). "An individual challenging the facial constitutionality of a legislative act must establish that no set of circumstances exists under which the act would be valid." *Id.* at 491, 508 S.E.2d at 282; *see also U.S. v. Salerno*, 481 U.S. 739, 745, 95 L. Ed. 2d 697, 707 (1987).

We believe there are sets of circumstances under which the statute is *not* vague as to prohibitions regarding a defendant's presence at a place. N.C. Gen. Stat. § 14-208.18(a)(3). For example, N.C. Gen. Stat. § 14-208.18(a)(3) would have clearly prohibited Defendant from entering onto a baseball field where children have regularly scheduled games. "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Barker*, 138 N.C. App. at 307, 531 S.E.2d at 230 (2000) (holding that the defendants did not have standing to challenge a statute forbidding the operation of a motorcycle or moped upon a highway "[u]nless the operator and all passengers thereon wear safety helmets of a type approved by the Commissioner of Motor Vehicles" because the defendants were not wearing any safety helmets at all) (quoting *Parker v. Levy*, 417 U.S. 733, 756, 41 L. Ed. 2d 439, 458 (1974)). "A statute which by its terms, or as authoritatively construed, applies without question to certain activities, but whose application to other behavior is uncertain, is not vague as applied to 'hard-core' violators of the statute." *Barker*, 138 N.C. App. at 307, 531 S.E.2d at 230 (2000). Therefore, Defendant does not have standing to bring a facial challenge against N.C. Gen. Stat. § 14-208.18(a)(3).

In this case, however, Defendant has standing to bring an as-applied challenge against N.C. Gen. Stat. § 14-208.18(a)(3) on the facts surrounding the 6 May 2009 and 7 May 2009 incidents. Defendant argues that the portion of N.C. Gen. Stat. § 14-208.18(a)(3) which prohibits Defendant from knowingly being "at any place" where minors gather for regularly scheduled programs is unconstitu-

tionally vague. There is no definition for "place" in Article 27A, the Sex Offender and Public Protection Registration Program. *See* N.C. Gen. Stat. § 14–208.6.

With regard to the 6 May 2009 incident, Defendant was indicted on a charge of violating N.C. Gen. Stat. § 14-208.18(a)(3) by being present at a place "kind of close to the parking lot area" of Westcott Park. Defendant's daughter, when looking at a map of the Westcott Park, gave the following explanation:

> [T]his is the road that you have to walk down beside along the fence and get here to the bleachers. As I was leaving off the bleachers you have to come by the dugout[.] . . . And then you walk out here. As I got in this section . . . that is when [Defendant] met me and handed me the onion bulbs.

The defense attorney asked the trial court to "let the record reflect that [Defendant's daughter] met [Defendant] between the ball park and the road that accesses Westcott Park[,]" and the trial court responded, "Record will so reflect." At a different point in the daughter's testimony, she affirmed that she met Defendant on 6 May 2009 "out kind of close to the parking lot area or that little dirt road area[.]"

We believe the facts of this case, regarding the events of 6 May 2009, are sufficient to give Defendant standing to challenge N.C. Gen. Stat. § 14-208.18(a)(3) on the ground that it is unconstitutionally vague as applied to Defendant in this case. In other words, we do not believe it would be clear to a reasonable person whether being "kind of close to the parking lot area" of a park is conduct that might put him at risk of violating N.C. Gen. Stat. § 14-208.18(a)(3) which prohibits sex offenders from being "*[a]t any place* where minors gather for regularly scheduled educational, recreational, or social programs." *Id.* (emphasis added). Therefore, we conclude Defendant had standing to bring a challenge regarding the vagueness of N.C. Gen. Stat. § 14-208.18(a)(3) as applied to him upon the particular set of facts surrounding the 6 May 2009 incident.

We also believe Defendant has standing to bring an as-applied constitutional vagueness challenge against N.C. Gen. Stat. § 14-208.18(a)(3) upon the set of facts surrounding the 7 May 2009 incident. On 7 May 2009, Defendant, along with his daughter and son-in-law, went to Walker Park where, for about an hour and a half, they practiced softball on the diamond of the "adult softball field" located at the park "adjacent" to a field where "Deputy Alan Moran . . . was

off duty and umpiring a tee ball game." Defendant practiced at the third base on the "adult softball field." With regard to the 7 May 2009 incident, we do not believe it would be clear to a reasonable person whether being on an "adult softball field" that is adjacent to a "tee ball" field is conduct that might put him at risk of violating N.C. Gen. Stat. § 14-208.18(a)(3) which prohibits sex offenders from being "*[a]t any place* where minors gather for regularly scheduled educational, recreational, or social programs." *Id.* (emphasis added).

### III: Constitutionality

**[3]** In the State's final argument on appeal, it contends the trial court erred in entering the order declaring N.C. Gen. Stat. § 14-208.18(a)(3) unconstitutional, because N.C. Gen. Stat. § 14-208.18(a)(3) is not, in fact, unconstitutionally vague. We disagree and conclude that N.C. Gen. Stat. § 14-208.18(a)(3) is unconstitutionally vague as applied to Defendant upon the facts surrounding the 6 May 2009 incident and 7 May 2009 incident.

"The standard of review for questions concerning constitutional rights is *de novo.*" *State v. Whitaker*, 201 N.C. App. 190, 192, 689 S.E.2d 395, 396 (2009), *cert. denied*, ___ U.S. ___, 177 L. Ed. 2d 337, *aff'd*, 364 N.C. 404, 700 S.E.2d 215 (2010). "Furthermore, when considering the constitutionality of a statute or act there is a presumption in favor of constitutionality, and all doubts must be resolved in favor of the act." *Id.* "In passing upon the constitutionality of [a] statute there is a presumption that it is constitutional, and it must be so held by the courts, unless it is in conflict with some constitutional provision." *State v. Hales*, 256 N.C. 27, 30, 122 S.E.2d 768, 770-71 (1961).

In *Hales*, 256 N.C. 27, 122 S.E.2d 768, the Court stated the following:

"A criminal statute must be definite as to the persons within the scope of the statute and the acts which are penalized. If it is not definite, the due process clause of State Constitutions and of the Fifth and Fourteenth Amendments of the Federal Constitution, whichever is applicable, is violated. If the statute is so vague and uncertain that a reasonable man would be compelled to speculate at his peril whether the statute permits or prohibits the act he contemplates committing, the statute is unconstitutional. The legislature, in the exercise of its power to declare what shall constitute a crime or punishable offense, must inform the citizen with reasonable

precision what acts it intends to prohibit, so that he may have a certain understandable rule of conduct."

*Id.* (quoting Wharton's Criminal Law and Procedure, Vol. I, § 18). We reiterate that "a statute is unconstitutionally vague if it either: (1) fails to 'give the person of ordinary intelligence a reasonable opportunity to know what is prohibited'; or (2) fails to 'provide explicit standards for those who apply [the law].' " *State v. Sanford Video & News, Inc.*, 146 N.C. App. 554, 556, 553 S.E.2d 217, 218 (2001), *disc. review denied and appeal dismissed*, 355 N.C. 221, 560 S.E.2d 359 (2002) (alteration in original) (quoting *State v. Green*, 348 N.C. 588, 597, 502 S.E.2d 819, 824 (1998), *cert. denied*, 525 U.S. 1111, 142 L. Ed. 2d 783 (1999). "A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." *State v. Green*, 348 N.C. 588, 597, 502 S.E.2d 819, 824 (1998), *cert. denied*, 525 U.S. 1111, 142 L. Ed. 2d 783 (1999).

In this case, Defendant argues the phrase "at any place" is unconstitutionally vague. We believe it is unclear on the evidence presented in this particular case whether Defendant was "at any place" proscribed by N.C. Gen. Stat. § 14-208.18(a)(3) on 6 May 2009 and on 7 May 2009. On those dates, Defendant was "out kind of close to the parking lot area or that little dirt road area[,]" between the ballpark and the road, and Defendant was on an "adult softball field" adjacent to a "tee ball" field. We believe the portion of N.C. Gen. Stat. § 14-208.18(a)(3), "at any place," is unconstitutionally vague as applied to Defendant upon the facts surrounding the 6 May 2009 and 7 May 2009 incidents because it fails to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, and it fails to provide explicit standards for those who apply the law. *Sanford Video & News, Inc.*, 146 N.C. App. at 556, 553 S.E.2d at 218. We therefore affirm the portion of the trial court's order concluding that N.C. Gen. Stat. § 14-208.18(a)(3) is unconstitutionally vague as to the 6 May 2009 and 7 May 2009 incidents.

AFFIRMED, in part; VACATED, in part.

Judge McGEE concurs.

Judge BEASLEY concurs in result only.

Judge Beasley concurred in this opinion prior to 18 December 2012.