An unpublished opinion of the North Carolina Court of Appeals does not constitute
controlling legal authority. Citation is disfavored, but may be permitted in accordance
with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-817
NORTH CAROLINA COURT OF APPEALS

Filed: 20 January 2015


STATE OF NORTH CAROLINA

    v.

JONATHAN MICHAEL RUNYON

Brunswick County
No. 12 CRS 53763


Appeal by Defendant from judgment entered 22 January 2014 by Judge Claire V. Hill in Brunswick County Superior Court. Heard in the Court of Appeals 20 November 2014.


> *Attorney General Roy Cooper, by Special Deputy Attorney General Anne J. Brown, for the State.*
>
> *Michael J. Reece for Defendant.*


STEPHENS, Judge.


*Facts and Procedural History*

This appeal purports to present a question of first impression: whether N.C. Gen. Stat. § 14-208.18(a)(3), which makes it a crime for convicted sex offenders to knowingly be at "any place where minors gather for regularly scheduled educational, recreational, or social programs[,]" is so vague on

its face as to be unconstitutional. We hold that Defendant lacks standing to bring a facial challenge to this statute, and, accordingly, we dismiss this appeal.

On 8 October 2012 and then by superseding indictment issued 19 August 2013, Defendant Johnathan Michael Runyon was indicted under section 14-208.18(a)(3). That charge arose from events which occurred on 31 July 2012 at Spring Lake Park in the town of Boiling Spring Lakes. At about 1:00 a.m., Officer Gary Rohauer of the Boiling Springs Police Department ("BSPD") and another BSPD officer were patrolling Spring Lake Park ("the park"). The park consists of a lake with two swimming areas, an open area for gatherings, a community garden, and two picnic shelters, but has no playground equipment. The park is open every day from sunrise to sunset.

Park activities include a "trick or treat" event at Halloween, a children's fishing tournament hosted by the BSPD in April, community concerts, and rentals of the picnic shelters by individuals and groups for parties and other gatherings. During the summer, the children's Junior Master Gardening Club uses the community garden and groups from area camps sometimes visit the park. In addition, for eight weeks each summer, the Boiling

Spring Lakes Summer Camp for children ages 5 to 14 takes place on park grounds.

On the morning in question, the officers found Defendant, who lived about 1/8 of a mile from the park, sitting on a glider-style bench swing near the lake. The swing is not specifically designed for the use of children, and ashtrays were placed next to it. The officers knew Defendant and were aware that he was listed on the sex offender registry. They arrested Defendant for violating section 14-208.18(a)(3).

The matter came on for trial in January 2014. In addition to the evidence described *supra*, an employee of the Brunswick County Sheriff's Department testified that, during a meeting about the legal restrictions resulting from his sex offender status, Defendant had asked specifically whether he could visit the park. The employee had "told him that if it was in the park, he was not allowed to go there."

At the close of the State's evidence, Defendant moved to dismiss the charge, contending that the statute was unconstitutionally vague both on its face and as applied to him. The trial court denied Defendant's motion. The jury returned a verdict of guilty, and the trial court sentenced Defendant to a term of 11-23 months in prison, suspended, and imposed 36 months

of supervised probation. From the judgment entered upon his conviction on 22 January 2014, Defendant appeals.

*Discussion*

We begin by addressing the State's request that we dismiss Defendant's appeal, asserting that he (1) has waived his right to appellate review of his argument and (2) lacks standing to bring a facial challenge to the constitutionality of the statute.

Regarding Defendant's alleged waiver of his right to appeal, the State acknowledges that Defendant moved to dismiss the charge, but contends that the record "contains nothing to indicate that [D]efendant brought his [m]otion to [d]ismiss on for hearing before any Superior Court Judge or that any Superior Court Judge ever actually rendered a decision concerning this [m]otion." This is incorrect. At the close of the State's evidence, defense counsel moved to dismiss the case "based on the fact that the statute is unconstitutionally vague on it's [sic] face and as applied to [Defendant's] set of facts." After hearing brief arguments from each side, the trial court denied Defendant's motion.

However, we agree that Defendant lacks standing to bring a facial challenge to section 14-208.18(a)(3) based on vagueness.

This Court has previously addressed this very question and ruled contrary to Defendant's position:

> A litigant who challenges a statute as unconstitutional must have standing. To have standing, he must be adversely affected by the statute.
>
> As a general proposition, the vagueness of a criminal statute must be judged in the light of the conduct that is charged to be violative of the statute. In other words, the question is whether the statute is unconstitutionally vague as applied to the defendant's actions in the case presented. Thus *a party receiving fair warning, from the statute, of the criminality of his own conduct is not entitled to attack the statute on the ground that its language would not give fair warning with respect to other conduct*. If, however, the statute reaches a substantial amount of constitutionally protected conduct, the statute is vulnerable to a facial attack. In this event, the defendant can challenge the constitutional vagueness of the statute, even though his conduct clearly is prohibited by the statute.
>
> A facial challenge to a legislative act is, of course, the most difficult challenge to mount successfully. *An individual challenging the facial constitutionality of a legislative act must establish that no set of circumstances exists under which the act would be valid.*
>
> *We believe there are sets of circumstances under which the statute is not vague as to prohibitions regarding a defendant's presence at a place. For example, N.C. Gen. Stat. § 14-208.18(a)(3) would have clearly prohibited [the d]efendant from entering*

> *onto a baseball field where children have regularly scheduled games.* One to whose conduct a statute clearly applies may not successfully challenge it for vagueness. A statute which by its terms, or as authoritatively construed, applies without question to certain activities, but whose application to other behavior is uncertain, is not vague as applied to hard-core violators of the statute. *Therefore, [the d]efendant does not have standing to bring a facial challenge against N.C. Gen. Stat. § 14-208.18(a)(3).*

*State v. Daniels*, __ N.C. App. __, __, 741 S.E.2d 354, 362 (2012) (citations, internal quotation marks, and certain brackets omitted; certain emphasis added), *appeal dismissed and disc. review denied*, 366 N.C. 565, 738 S.E.2d 389 (2013). In that case, this Court went on to conclude that the defendant did have standing to challenge the statute for vagueness *as applied* to the facts of his particular case. *Id.*

Here, while Defendant moved to dismiss for vagueness of the statute both on its face and as applied to him, on appeal, he argues only that the statute is facially vague. As this Court held in *Daniels*, "there are sets of circumstances under which [section 14-208.18(a)(3)] is not vague as to prohibitions regarding a defendant's presence at a place." *Id.* Thus, Defendant lacks standing to challenge the facial validity of this statute. Further, having failed to bring forth any

argument on appeal regarding the statute's alleged vagueness as applied to him, Defendant is deemed to have abandoned that issue.  *See* N.C.R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").  Defendant's appeal is

DISMISSED.

Judges STEELMAN and GEER concur.

Report per Rule 30(e).