INMAN, Judge.
Jonathan E. Brunson ("Plaintiff") appeals from two orders from the North Carolina Industrial Commission ("Industrial Commission") dismissing his claims against Defendants under the North Carolina Tort Claims Act ("Tort Claims Act"), N.C. Gen. Stat. § 143-291, et seq. , and his motions for entry of default and default judgment.
I. Factual and Procedural History
Plaintiff filed a claim on 31 October 2016 with the Industrial Commission pursuant to the Tort Claims Act. Although the affidavit setting forth the substance of that claim is absent from the record, it appears from the Industrial Commission's orders that Plaintiff alleged the above-named Defendants breached their duties to provide him-an inmate in the custody of the North Carolina Department of Public Safety, Division of Adult Correction ("DPS")-access to the courts. Specifically, Plaintiff asserts that North Carolina Department of Justice ("DOJ") and DPS employees somehow improperly influenced the decision by Scott S. Harris, Clerk of the Supreme Court of the United States, to deny a petition for writ of certiorari filed by Plaintiff with that court. Plaintiff further alleged that, when he attempted to file a corrected petition for writ of certiorari, DOJ and DPS employees intercepted and confiscated that petition before it reached the Supreme Court; though Plaintiff was supplied with a docket sheet showing his corrected petition was filed and distributed for rehearing at the Supreme Court, he contends Harris fabricated that document.
On 14 November 2016, DOJ filed a combined answer and affirmative defense, motion to dismiss, and motion for protective order on behalf of "Defendant, North Carolina Department of Public Safety." DOJ's motion to dismiss alleged, among other things, that the Industrial Commission did not have subject matter jurisdiction over Plaintiff's action, as his claims alleged intentionally tortious conduct or violations of the North Carolina and United States Constitutions. DOJ filed a motion to amend the combined answer and motions on 26 June 2017 "to identify its representation of, and response to [P]laintiff's [claims] on behalf of, all named defendants in this claim." Plaintiff did not include this motion to amend in the record on appeal, but it is referenced in the Industrial Commission's order from which this appeal arises.
Plaintiff filed motions for entry of default and default judgment on 27 February 2017, though these, too, are missing from the record. DOJ filed an objection to Plaintiff's motion, to which Plaintiff filed a response. Those motions came on for hearing on 29 September 2017 before Special Deputy Commissioner Brian Liebman. By order filed 12 October 2017, Special Deputy Commissioner Liebman denied Plaintiff's motions for entry of default and default judgment, granted DOJ's motion to amend, and granted DOJ's motion to dismiss with prejudice.
Plaintiff appealed that order to the full Industrial Commission. In an order filed 21 May 2018, the full Industrial Commission affirmed Special Deputy Commissioner Liebman's order, holding, inter alia , that the Industrial Commission lacked subject matter jurisdiction over Plaintiff's claims. Plaintiff appeals both the 12 October 2017 order and the 21 May 2018 order.
II. Analysis
Plaintiff's sole argument on appeal is that the Industrial Commission erred in denying Plaintiff's motion for default judgment against the State of North Carolina because the State failed to file and serve an answer to Plaintiff's claim within thirty days of service. He does not argue that the Industrial Commission erred in concluding it lacked subject matter jurisdiction, however, and he has therefore abandoned appeal of that issue. N.C. R. App. P. 28(b)(6) (2018).
Entry of default and default judgment are reviewed for abuse of discretion. N.C.N.B. v. McKee , 63 N.C. App. 58, 61, 303 S.E.2d 842, 844 (1983). "Abuse of discretion exists when the challenged actions are manifestly unsupported by reason." Barnes v. Wells , 165 N.C. App. 575, 580, 599 S.E.2d 585, 589 (2004) (citation and internal quotation marks omitted).
The Industrial Commission determined it did not have subject matter jurisdiction to hear Plaintiff's claim against Defendants, and Plaintiff does not contend the Industrial Commission erred in that determination. "Where there is no jurisdiction of the subject matter the whole proceeding is void ab initio and may be treated as a nullity anywhere, at any time, and for any purpose." State v. Daniels , 224 N.C. App. 608, 613, 741 S.E.2d 354, 359 (2012) (citing High v. Pearce , 220 N.C. 266, 271, 17 S.E.2d 108, 112 (1941) ). Therefore, the Industrial Commission did not abuse its discretion by denying Plaintiff's motions for entry of default and default judgment where it concluded that it did not have jurisdiction to hear Plaintiff's claim. The Industrial Commission's orders are affirmed.
AFFIRMED.
Report per Rule 30(e).
Chief Judge MCGEE and Judge HUNTER, JR. concur.