STATE OF NORTH CAROLINA v. JAMES SCOTT NESBITT

No. COA98-815

(Filed 1 June 1999)

### 1. Indecent Liberties— presence of children—sufficiency of evidence

The trial court correctly denied defendant's motion to dismiss a charge of indecent liberties under N.C.G.S. § 14-202.1(a)(1) where defendant let his dogs into his yard to encourage children to stop and play; defendant, while inside his house 35 feet away and in clear view of the children, exposed himself and masturbated while the children were playing with the dogs; and defendant acknowledged the children's presence by waving to them in one instance and changing his position in another instance. The fact that the children were outside defendant's home while he was inside is not material, and neither is the fact that the children were 35 feet away. It is material that defendant involved the children in his scheme to engage in an indecent liberty for the purpose of arousing his own sexual desire.

### 2. Indecent Liberties— presence of children—not unconstitutionally vague

N.C.G.S. § 14-202.1(a)(1), the indecent liberties statute, is not unconstitutionally vague as applied where defendant was 35 feet away inside his home behind a glass door.

### 3. Indecent Liberties— instructions—masturbation

The trial court did not err in an indecent liberties prosecution by instructing the jury that "masturbation in the presence of another would be an immoral or indecent act."

Appeal by defendant from judgments dated 29 January 1998 by Judge William Z. Wood, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 30 March 1999.

STATE v. NESBITT

[133 N.C. App. 420 (1999)]

*Attorney General Michael F. Easley, by Special Deputy Attorney General Robert J. Blum, for the State.*

*Tamura D. Coffey, for defendant-appellant.*

GREENE, Judge.

James Scott Nesbitt (Defendant) appeals from his jury convictions of six counts of taking indecent liberties with a minor child in violation of N.C. Gen. Stat. § 14-202.1(a)(1).

Prior to trial, Defendant moved to dismiss the indictments on the ground that section "14-202.1 is unconstitutional as applied" to him. In support of this motion Defendant argued that "there is absolutely no way he could have known that his conduct was in violation of 14-202.1 as it is written." This motion was denied by the trial court.

The State's evidence at trial tended to show that Defendant lived in the Walkertown area of Winston-Salem, North Carolina. The side of Defendant's house has a sliding glass door facing the roadway, which is approximately thirty-five feet away from the door. The yard on the side of Defendant's house is fenced in and contains a porch. On 24 March 1997, several young children, while walking home from a school bus stop near Defendant's home, stopped to play with dogs that were in Defendant's yard. All of the children saw Defendant standing in his house naked behind the glass door, waving at them and fondling his penis.[1] The children informed their parents of Defendant's actions, and several parents contacted Deputy Sheriff Danny Carter (Deputy Carter) of the Forsyth County Sheriff's Department. Deputy Carter visited the home of one of the children on that same afternoon and spoke with that child and two other families.

The next day, 25 March 1997, Deputy Carter set up a surveillance point outside of Defendant's home. Deputy Carter positioned himself so that he could observe the sliding glass door of Defendant's home, so neither Defendant nor the children exiting the school bus could see him. Because the observation point was approximately 1,100 feet from the glass door, Deputy Carter used 10-power binoculars to view inside of Defendant's home. Before the school bus arrived, Deputy Carter observed Defendant at the sliding door fully clothed. When the school bus arrived, Defendant let the dogs out into

---

1. The record contains eight different written statements from children who observed Defendant.

the yard and disappeared for a short time period. The children exited the bus and began walking toward Defendant's home. Two of the children stopped to play with the dogs in Defendant's yard. Deputy Carter then observed Defendant reappear in front of the glass door completely naked with "his penis in his right hand and was jerking on it." Defendant also "moved his pelvic area back and forth a couple of times." Deputy Carter observed the boys looking at Defendant, at which time Defendant "turned toward them at an angle and arched his back and started doing it some more."

At the close of the State's evidence, Defendant moved to dismiss the case due to insufficient evidence, but his motion was denied. Defendant then presented the testimony of Rob Guerette, a private investigator, who testified regarding information obtained from several of the children in private interviews that was inconsistent with their testimony at trial. Defendant renewed his motion to dismiss at the close of all the evidence, and his motion again was denied.

While instructing the jury on the law regarding taking indecent liberties with a minor child, the trial court stated, "Masturbation in the presence of another would be an immoral or indecent act." The jury subsequently found Defendant guilty of six counts of taking indecent liberties with a minor child and he was sentenced to a minimum of 100 and maximum of 120 months for all six convictions.

---

The dispositive issues are whether: (I) there is substantial evidence that Defendant was "with" the children who were in the yard some thirty-five feet away, when Defendant masturbated behind the clear glass door of his home; (II) section 14-202.1(a)(1) is unconstitutionally vague; and (III) it was error to instruct the jury that "Masturbation in the presence of another would be an immoral or indecent act."

I

Motion to Dismiss—Insufficiency of Evidence

[1] Defendant was charged with and found guilty of violating subpart (a)(1) of section 14-202.1. Section 14-202.1 provides in part:

(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties *with any child* of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

(2) Willfully commits or attempts to commit any lewd or lascivious act *upon or with the body* or any part or member of the body *of any child* of either sex under the age of 16 years.

N.C.G.S. § 14-202.1 (1993) (emphasis added).

Defendant contends there is not substantial evidence in this record that he was "with" the children, within the meaning of section 14-202.1(a)(1), and the trial court therefore erred in denying his motion to dismiss the charges. We disagree.

Although "with" as used in section 14-202.1(a)(1) has not been defined by our legislature, our courts have set its parameters. It is well settled that a physical touching of a child by the defendant is not required in order to show an indecent liberty "with" the child in violation of section 14-202.1(a)(1). *State v. Turman*, 52 N.C. App. 376, 377, 278 S.E.2d 574, 575 (1981); *cf.* N.C.G.S. § 14-202.1(a)(2) (lewd or lascivious acts must be "*upon or with the body* or any part or member of the body of any child"). It is necessary, however, that the defendant, at the time of the immoral, improper, or indecent liberty, be either in the actual or constructive "presence" of the child. *State v. Hartness*, 326 N.C. 561, 567, 391 S.E.2d 177, 180 (1990); *State v. McClees*, 108 N.C. App. 648, 654, 424 S.E.2d 687, 690 (conviction sustained where defendant videotaped child undressing in another room while child was unaware of the videotaping), *disc. review denied*, 333 N.C. 465, 427 S.E.2d 626 (1993). There is no requirement that the defendant "be within a certain distance of or in close proximity to the child." *State v. Strickland*, 77 N.C. App. 454, 456, 335 S.E.2d 74, 75 (1985) (conviction sustained where defendant was "62 feet away" from the children at the time of the indecent liberty).

In this case, when viewing the evidence in the light most favorable to the State and giving the State the benefit of all reasonable inferences, the evidence reveals: (1) Defendant let his dogs out in his yard to encourage children to stop and play with the dogs; (2) while the children were playing with his dogs, Defendant, while inside his house and in clear view of the children in his yard some thirty-five feet away, exposed his penis and masturbated; and (3) Defendant

acknowledged the children's presence by waving to them in one instance and changing his position in another instance. These facts are sufficient to support the conclusion that Defendant was "with" the children at the time he exposed his penis and masturbated. *See State v. Carr*, 122 N.C. App. 369, 372, 470 S.E.2d 70, 72 (1996) (if there is relevant evidence which a reasonable mind would find sufficient to support a conclusion, there exists substantial evidence). The fact that the children were outside Defendant's home, while he was inside the home, is not material. The fact that the children were some thirty-five feet away from Defendant also is not material. It is material, however, that Defendant involved the children in his scheme to engage in an indecent liberty for the purposes of arousing his own sexual desire. *See Hartness*, 326 N.C. at 567, 391 S.E.2d at 180 (defendant's purpose for committing the indecent liberty is the gravamen of the offense). Because there is substantial evidence that Defendant was "with" the children, the trial court correctly denied Defendant's motion to dismiss on this ground. *See State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990) (motion to dismiss should be denied if there is substantial evidence of each essential element of the offense charged).

II

Motion to Dismiss—Vagueness

[2] As a general proposition, the vagueness of a criminal statute must be judged in the light of the conduct that is charged to be violative of the statute. *See United States v. Powell*, 423 U.S. 87, 92, 46 L. Ed. 2d 228, 233-34 (1975). In other words, the question is whether the statute is unconstitutionally vague as applied to the defendant's actions in the case presented. *Id.* Thus a party receiving fair warning, from the statute, of the criminality of his own conduct is not entitled to attack the statute on the ground that its language would not give fair warning with respect to other conduct. *Parker v. Levy*, 417 U.S. 733, 756, 41 L. Ed. 2d 439, 458 (1974). If, however, the statute reaches "a substantial amount of constitutionally protected conduct," the statute is vulnerable to a facial attack. *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 71 L. Ed. 2d 362, 369, *reh'g denied*, 456 U.S. 950 72 L. Ed. 2d 476 (1982). In this event, the defendant can challenge the constitutional vagueness of the statute, even though his conduct clearly is prohibited by the statute. *Kolender v. Lawson*, 461 U.S. 352, 358 n.8, 75 L. Ed. 2d 903, 910 n.8 (1983).

A penal statute survives a void for vagueness challenge if it defines "the criminal offense with sufficient definiteness that ordi-

nary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Id.* at 357, 75 L. Ed. 2d at 909. The more important aspect of the vagueness doctrine is "the requirement that a legislature establish minimal guidelines to govern law enforcement." *Id.* at 358, 75 L. Ed. 2d at 909. This is necessary in order to prevent policemen, prosecutors, and juries from pursuing their own predilections. *Id.* In determining whether the statute is sufficient to appraise citizens, policemen, prosecutors, judges and juries of the proscribed conduct, it is appropriate to consider any limiting construction placed on the statute by courts or agencies. *See Grayned v. City of Rockford,* 408 U.S. 104, 110, 33 L. Ed. 2d 222, 228-29 (1972). It is also proper to consider whether it would be practical for the legislature to draft the statute more precisely. Laurence H. Tribe, *American Constitutional Law* § 12-31 (2d ed. 1988). Finally, there is no requirement that legislation include only words that are subject to mathematical certainty. *Grayned,* 408 U.S. at 110, 33 L. Ed. 2d at 228-29.

Defendant contends the term "with" contained in section 14-202.1(a)(1) "is unconstitutionally vague as applied to him in this case because he could not possibly have known and was not given fair notice that his conduct inside his private home behind a glass sliding door placed him 'with' children outside his home, some 35 feet away." We disagree. Admittedly the word "with" is not meticulously specific, but as construed by our courts it is clear what conduct the statute seeks to prohibit and thus gives sufficient guidance to our citizens, our police, our prosecutors, our judges, and our juries. Section 14-202.1(a)(1), therefore, is not impermissibly vague, and the trial court correctly denied Defendant's pre-trial motion to dismiss the indictments on this ground.[2]

## III

## Jury Instructions

[3] Defendant's final contention is the trial court erred by instructing the jury that, "Masturbation in the presence of another would be an immoral or indecent act." We disagree. This Court has passed upon this identical argument and found "no prejudicial error in the challenged instruction." *Turman,* 52 N.C. App. at 377, 278 S.E.2d at 575.

---

2. We acknowledge that our North Carolina courts previously have held that section 14-202.1(a)(1) is not unconstitutionally vague. *E.g. State v. Elam,* 302 N.C. 157, 161-62, 273 S.E.2d 661, 664-65 (1981). These cases, however, do not address the specific language challenged in this case.

JWL INVS., INC. v. GUILFORD COUNTY BD. OF ADJUST.

[133 N.C. App. 426 (1999)]

Furthermore, when a charge, as a whole, presents the law accurately, fairly, and clearly to the jury, reversible error does not occur. *State v. Corbett*, 309 N.C. 382, 402, 307 S.E.2d 139, 151 (1983); *State v. Simpson*, 302 N.C. 613, 618, 276 S.E.2d 361, 364 (1981). We have examined the entire jury charge given by the trial court and there is no prejudicial error in the instruction.

No error.

Judges MARTIN and McGEE concur.