GEER, Judge.
Defendant Thomas Rashad Armstrong, a registered sex offender, appeals from a judgment entered based on his conviction under N.C. Gen.Stat. § 14-208.18(a)(1) (2013) for unlawfully being present at a place intended primarily for the use, care, or supervision of minors. On appeal, defendant primarily argues that N.C. Gen.Stat. § 14-208.18(a)(1) is unconstitutionally vague and overbroad. However, because defendant does not have standing to bring an overbreadth challenge or a facial vagueness challenge and because the evidence supporting the application of the statute overwhelmingly establishes that defendant violated the statute, we find no error.
Facts
The State's evidence tended to show the following facts. On 17 March 2010, defendant was convicted of taking indecent liberties with a child. As a result of this conviction, he was required to register as a sex offender for a period of 30 years. On 25 June 2011, at about 5:15 p.m., Detective David Dover of the Gastonia Police Department was working at his part-time job with Kate's Skating Rink in Gastonia, North Carolina. Detective Dover saw defendant sit down on a bench about 20 feet away from Detective Dover and near where a child's birthday party was taking place.
Detective Dover recognized defendant's face and, after about five to 10 minutes, remembered defendant's name. Using the skating rink's computer, Detective Dover accessed a law enforcement database and determined that although defendant had no outstanding warrants, he was listed on the sex offender registry. While Detective Dover was doing his search, defendant left the building.
When Detective Dover realized defendant had left, he went into the skating rink's parking lot, trying to locate defendant but without success. Later that evening, at 3:00 a.m., Detective Dover was working another part-time job at a Waffle House that shares a parking lot with a Grab-n-Go convenience store. Detective Dover happened to see defendant at the Grab-n-Go. Detective Dover walked over to defendant and told him he was not supposed to be at a place like Kate's Skating Rink. Although Detective Dover then told defendant to come in to the police office to talk with him the following Tuesday, 28 June 2011, defendant never did so.
On 18 November 2013, a grand jury indicted defendant, a registered sex offender, for knowingly being present on the premises of a place primarily intended for the use of minors in violation of N.C. Gen.Stat. § 14-208.18(a)(1). Defendant was also indicted for being a habitual felon. At a pretrial hearing on his motion to dismiss, defendant argued that the statute he was charged with violating, N.C. Gen.Stat. § 14-208.18(a)(1), was unconstitutionally vague and overbroad both facially and as applied. The trial court denied the motion to dismiss.
At trial, defendant was found guilty of violating N.C. Gen.Stat. § 14208.18(a)(1), and he pled guilty to being a habitual felon. The trial court sentenced defendant to a presumptive-range term of 67 to 90 months imprisonment. Defendant timely appealed to this Court.
I
Defendant challenges the validity of N.C. Gen.Stat. § 14-208.18(a)(1) on its face and as applied to him based on the constitutional doctrines of vagueness and overbreadth. N.C. Gen.Stat. § 14-208.18(a)(1) provides:
(a) It shall be unlawful for any person required to register under this Article, if the offense requiring registration is described in subsection (c) of this section, to knowingly be at any of the following locations:
(1) On the premises of any place intended primarily for the use, care, or supervision of minors, including, but not limited to, schools, children's museums, child care centers, nurseries, and playgrounds.
The State contends that defendant lacks standing to bring these constitutional challenges. " 'A litigant who challenges a statute as unconstitutional must have standing.' " State v. Daniels,--- N.C.App. ----, ----, 741 S.E.2d 354, 362 (2012) (quoting State v. Barker,138 N.C.App. 304, 307, 531 S.E.2d 228, 230 (2000) ). "Standing is jurisdictional in nature and '[c]onsequently, standing is a threshold issue that must be addressed, and found to exist, before the merits of [the] case are judicially resolved.' " In re Miller,162 N.C.App. 355, 357, 590 S.E.2d 864, 865 (2004) (quoting In re Will of Barnes,157 N.C.App. 144, 155, 579 S.E.2d 585, 592 (2003), rev'd on other grounds,358 N.C. 143, 592 S.E.2d 688 (2004) ).
With respect to defendant's facial challenges, it is well established that "[e]mbedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." Broadrick v. Oklahoma,413 U.S. 601, 610, 37 L.Ed.2d 830, 839, 93 S.Ct. 2908, 2915 (1973). However, the United States Supreme Court has adopted a narrow exception to this principle in the First Amendment context, and an individual may challenge a statute as overbroad on First Amendment grounds, even if the statute is constitutional as applied to him. United States v. Stevens,559 U.S. 460, 472-73, 176 L.Ed.2d 435, 446-47, 130 S.Ct. 1577, 1587 (2010). The "overbreadth doctrine" allows litigants to challenge a statute "not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." Broadrick,413 U.S. at 612, 37 L.Ed.2d at 840, 93 S.Ct. at 2916.
Nonetheless, "[i]nvalidation for overbreadth is strong medicine that is not to be casually employed." United States v. Williams,553 U.S. 285, 293, 170 L.Ed.2d 650, 662, 128 S.Ct. 1830, 1838 (2008) (internal quotation marks omitted). "[I]nvalidating a law that in some of its applications is perfectly constitutional-particularly a law directed at conduct so antisocial that it has been made criminal-has obvious harmful effects." Id.at 292, 170 L.Ed.2d at 662, 128 S.Ct. at 1838.
Defendant contends that his facial overbreadth challenge falls within this exception to the standing rule. However, as the United States Supreme Court explained in Williams,under the "First Amendment overbreadth doctrine, a statute is facially invalid if it prohibits a substantial amount of protected speech."Id.The doctrine is not applicable, therefore, unless the statute prohibits "a substantial amount of protected speech." Id.The focus of the overbreadth doctrine is on speech and the free exchange of ideas. See also id.(explaining that "the threat of enforcement of an overbroad law deters people from engaging in constitutionally protected speech, inhibiting the free exchange of ideas" (emphasis added)).
Here, N.C. Gen.Stat. § 14-208.18(a)(1) does not specifically prohibit any "protected speech." Defendant argues instead that the statute, by regulating where a registered sex offender is permitted to go, may have a consequential effect on protected speech. He does not, however, cite any authority in support of his position that such a statute falls within the scope of the First Amendment overbreadth doctrine.
Even assuming, without deciding, that the statute could fall within the overbreadth exception to the standing rule, our Supreme Court has noted with respect to statutes regulating both conduct and speech, that the " 'the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.' " Hest Techs., Inc. v. State of N.C. ex rel. Perdue,366 N.C. 289, 301-02, 749 S.E.2d 429, 438 (2012) (quoting Broadrick,413 U.S. at 615, 37 L.Ed.2d at 846, 93 S.Ct. at 2918 )), cert. denied,--- U.S. ----, 187 L.Ed.2d 34, 134 S.Ct. 99 (2013). Consequently, the party challenging a statute based on overbreadth must show "speech or conduct, other than that which is plainly the target of the legislation, that would be chilled or otherwise burdened by th[e] statute." Id.at 302, 749 S.E.2d at 438. In order to do so, the party must provide "actual examples ... of conduct or speech that was not intended to be covered by the statute yet still arguably falls within the statute's ambit." Id.The Supreme Court emphasized that even when "the language of the statute is admittedly broad, [it will] decline to consider it substantially overbroad without any actual example of conduct or speech that is unintentionally regulated or burdened by the statute." Id.In support of this conclusion, the Court, id.,quoted Virginia v. Hicks,539 U.S. 113, 122, 156 L.Ed.2d 148, 159, 123 S.Ct. 2191, 2198 (2003), in which the United States Supreme Court held: " 'The overbreadth claimant bears the burden of demonstrating, from the text of [the law] and from actual fact,that substantial overbreadth exists.' " 366 N.C. at 302, 749 S.E.2d at 438.
In this case, defendant, like the litigants in Hest Technologies,has failed to provide actual examples of constitutionally-protected conduct or speech that was not intended to be covered by the statute yet still arguably falls within the scope of the statute. Consequently, defendant has failed to demonstrate that N.C. Gen.Stat. § 14-208.18(a)(1) falls within the First Amendment overbreadth doctrine and has not established that he has standing to make a facial overbreadth challenge to the statute. Moreover, defendant does not claim that he was engaged in any activity protected by the First Amendment when he was at the skating rink, and, therefore, he does not have standing to bring an as applied overbreadth claim in this case.
Turning to defendant's facial challenge that N.C. Gen.Stat. § 14-208.18(a)(1) is unconstitutionally vague, the United States Supreme Court has established
the rule that [a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. That rule makes no exception for conduct in the form of speech. Thus, even to the extent a heightened vagueness standard applies, a plaintiff whose speech is clearly proscribed cannot raise a successful vagueness claim under the Due Process Clause of the Fifth Amendment for lack of notice. And he certainly cannot do so based on the speech of others. Such a plaintiff may have a valid overbreadth claim under the First Amendment, but our precedents make clear that a Fifth Amendment vagueness challenge does not turn on whether a law applies to a substantial amount of protected expression. Otherwise the doctrines would be substantially redundant.
Holder v. Humanitarian Law Project,561 U.S. 1, 20, 177 L.Ed.2d 355, 375, 130 S.Ct. 2705, 2719 (2010) (internal citations and quotation marks omitted).
Our Court has explained that when a defendant challenges a statute as being unconstitutionally vague, he must show that he was charged with conduct for which he had no " 'fair warning' " that the statute proscribed, since " 'the vagueness of a criminal statute must be judged in the light of the conduct that is charged to be violative of the statute." ' Daniels,--- N.C.App. at ----, 741 S.E.2d at 362 (quoting State v. Nesbitt,133 N.C.App. 420, 424, 515 S.E.2d 503, 506 (1999) ). For the purposes of standing, a person has fair warning of a criminal statute's proscribed conduct if, "by its terms, or as authoritatively construed, [the statute] applies without question to certain activities[.]" Barker,138 N.C.App. at 307, 531 S.E.2d at 230.
Here, the statute gave defendant fair warning that the charged conduct-knowingly being on the premises of a skating rink that was allegedly intended primarily for the use, care, or supervision of minors-was unlawful. Defendant, therefore, does not have standing to assert a facial vagueness challenge to the statute. See Daniels,--- N.C.App. at ----, 741 S.E.2d at 362 ("We believe there are sets of circumstances under which the statute is notvague as to prohibitions regarding a defendant's presence at a place [under N.C. Gen.Stat. § 14-208.18(a)(3) ].... Therefore, Defendant does not have standing to bring a facial challenge against N.C. Gen.Stat. § 14-208.18(a)(3).").
However, defendant also argues that the statute is unconstitutionally vague as applied to him because the statute does not define a "place intended primarily for the use, care, or supervision of minors" and, therefore, did not give him fair notice that the skating rink at issue was in fact a "place" that fell within the statute's prohibition. N.C. Gen.Stat. § 14-208.18(a)(1). We hold that defendant does have standing to bring this as applied challenge. See Daniels,--- N.C.App. at ----, 741 S.E.2d at 362-63 ("Defendant has standing to bring an as-applied challenge against N.C. Gen.Stat. § 14-208.18(a)(3).... Defendant argues that the portion of [that statute] which prohibits Defendant from knowingly being 'at any place' where minors gather for regularly scheduled programs is unconstitutionally vague. There is no definition for 'place' in Article 27A[.]").
II
In his as applied vagueness challenge, defendant contends that use of the phrase "primarily for the use, care, or supervision of minors" provides no reasonable guidance for him to determine whether the skating rink-which defendant characterizes as a "mixed use" "[n]on-enumerated private business [ ]" that "seek[s] and enjoy[s] the patronage of both adults and children"-was a place where he was not allowed to be. N.C. Gen.Stat. § 14-208.18(a)(1). We disagree.
Defendant contends, citing Posters 'N' Things, Ltd. v. United States,511 U.S. 513, 128 L.Ed.2d 539, 114 S.Ct. 1747 (1994), that the "primarily intended" use of a multi-use facility depends on the likely " 'use [of] customers generally.' " (Quoting id.at 521 n. 11, 128 L.Ed.2d at 549 n. 11, 144 S.Ct. at 1752 n. 11.) We agree, and we add that this Court has defined "primary" as being " 'first in rank or importance.' " Sultan v. State Bd. of Exam'rs of Practicing Psychologists,121 N.C.App. 739, 745, 468 S.E.2d 443, 446 (1996) (quoting Webster's New Int'l Dictionary1800 (3rd ed.1967)).
Defendant disregards the fact that he bore "the burden of showing either that the statute provides inadequate warning as to the conduct it governs or is incapable of uniform judicial administration." Caswell Cnty. v. Hanks,120 N.C.App. 489, 492-93, 462 S.E.2d 841, 844 (1995). Defendant points to no evidence at all that anyone considered the skating rink as being primarily intended for adults. Indeed, the record contains scant evidence that the skating rink was used by adults at all. Rather, there was evidence that Kate's was "a location for children to come and use": "very few" adults use the facility, and, on a given Saturday, around 500 children use it. During the summer, the skating rink extends its hours because "children [are] not in school" and "it doesn't make any sense to be open all day through the week because no kids would come skating." One former employee explained that, over the 10 years leading up to defendant's trial, there had been "[t]housands" of birthday parties for children.
Moreover, Detective Dover described the layout of the interior of Kate's Skating Rink as having a rink, a "party area," and a "play area" or "a big jungle gym" with "slides, nets, ropes, just things for kids to play on." As a skating rink employee explained, there is also a "game room" with games that dispense tickets, and gamers can redeem these tickets for prizes in the "stuff shop." The prizes in the "stuff shop" include candy, small inflatables, toy cars, ... a little dartboard, puddy ... that you can make funny noises with [, and] slinkys, and stuff of that nature." Around the rink itself there is a "track" that Detective Dover testified is "where kids walk just continuously." Further, on the day that defendant went to the skating rink, there were birthday parties going on and children in the play area.
We conclude that this uncontradicted evidence establishes the skating rink as a place overwhelmingly intended for the use of minors. Although Kate's Skating Rink was available to both adults and children, the evidence firmly establishes that any "multi-use" character attributable to the skating rink was marginal. We conclude, therefore, that defendant has failed to meet his burden in challenging the vagueness of the statute as applied to him.
III
Defendant finally argues that the trial court erred in granting his motion to dismiss for insufficient evidence.
"Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.
If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed."
State v. Fritsch,351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (quoting State v. Barnes,334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993) ).
Defendant argues that the State failed to establish that Kate's Skating Rink was a place "intended primarily for the use ... of minors" and that defendant was "knowingly" on the premises. To the contrary, our review of the record indicates that the State presented overwhelming evidence that the skating rink was primarily intended for the use of minors. Moreover, given Detective Dover's testimony regarding the layout of the rink and what was taking place at the time defendant came to the skating rink, the State presented sufficient circumstantial evidence, when viewed in the light most favorable to the State, to allow the jury to find that defendant knew that the skating rink was a place primarily intended for the use of minors. Consequently, the trial court properly denied the motion to dismiss.
NO ERROR.
Judges STEELMAN and STEPHENS concur.
Report per Rule 30(e).
Judge STEELMAN concurred in this opinion prior to 30 June 2015.
Opinion
Appeal by defendant from judgment entered 18 March 2014 by Judge Robert C. Ervin in Gaston County Superior Court. Heard in the Court of Appeals 20 November 2014.